IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 9 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FIRST NATIONAL BANK, Plaintiff | § § § | |
| v. | § § | CIVIL ACTION NO. B-03-183 |
| CAPI SANTOS, INC., JOSE LEOPOLDO TORRES, JOSE SANTOS TORRES, JOSE SANTOS TORRES, JR., and the F/V EL CAPI, her engines, nets, tackle, apparel, and furniture, etc., in rem, Defendants | § § § § § § § | IN ADMIRALTY |

**PLAINTIFF'S FIRST AMENDED and SUPPLEMENTAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW FIRST NATIONAL BANK, Plaintiff herein, and files its First Amended and Supplemental Complaint complaining of CAPI SANTOS, INC., *in personam*, the owner of the named vessel, F/V EL CAPI, her engines, nets, tackle, apparel, and furniture, *etc. in rem*, JOSE LEOPOLDO TORRES and JOSE SANTOS TORRES (also known as JOSE S. TORRES and JOSE SANTOS TORRES, SR.), individually, herein collectively referred to as Defendants, and for cause of action would respectfully show unto the Court the following:

I.

**PARTIES**

1.   Plaintiff is a national banking association, with an office and its principal place of business at 701 E. Levee St., Brownsville, Cameron County, Texas 78520.

2. Defendant CAPI SANTOS, INC., a Texas corporation, was served on October 23, 2003 by serving its registered agent JOSE SANTOS TORRES at its registered address, 2214 Ringgold Street, Brownsville, Texas 78520.

3. Defendant JOSE LEOPOLDO TORRES is an individual, resident of Cameron County, Texas, who was served with process at his residence, 2214 Ringgold Street, Brownsville, Texas 78520 on October 23, 2003.

Defendant JOSE SANTOS TORRES is an individual, resident of Cameron County, Texas, who was served with process at his residence, 2214 Ringgold Street, Brownsville, Texas 78520 on October 23, 2003.

4. Defendant F/V EL CAPI, a fishing vessel believed to be wholly owned by Defendant CAPI SANTOS, INC., was arrested at the Zimco Marine Railway, End of Gator Court, in the Shrimp Turning Basin, Brownsville, Texas on October 23, 2003.

II.

## JURISDICTION AND VENUE

5. This is a case involving admiralty and maritime jurisdiction within the meaning of Rule 9(h) and Supplemental Rule C of the Federal Rules of Civil Procedure. This Court has subject matter jurisdiction under 46 USC §31342 and 28 USC §1333. The Defendant vessel is, or will be, during the pendency of the process within this district and within the jurisdiction of this court.

III.

## FACTS OF THE CASE

6. On or about the 20th day of February, 2002, CAPI SANTOS, INC. executed and delivered to FIRST NATIONAL BANK, a promissory note bearing such date and year in

the principal amount of $168,750.00 and thereby promised to pay to the order of FIRST NATIONAL BANK, the principal sum of $168,750.00, plus accrued interest as stated in the Note.

A true and correct copy of the Note is attached to Plaintiff's previously filed Complaint as **Exhibit "A"** and is incorporated by referenced as if fully set forth at length.

7.  The Note further provides that the holder is authorized to declare all of the remainder of said debt due and payable, upon the happening of any of several events specified in the first preferred mortgage described in paragraph 8 below such as the "default in the punctual payment of the principal of the note secured hereby or any installment thereof, or in the due and punctual performance of any provision of Sections, 3, 4, 5, 6, 8 and 10 of Article I" of the First Preferred Mortgage.

8.  At the time of the execution of the note, CAPI SANTOS, INC. was the sole owner of the F/V EL CAPI, Official Number 576907. To secure the payment of said note, CAPI SANTOS, INC. duly executed and delivered to FIRST NATIONAL BANK a first preferred mortgage upon said vessel, of even date with the promissory note, mistakenly dated on its face as February 20, 2001. Said date is corrected in the Modification Note dated April 5, 2003 described below. A true and correct copy of the mortgage is attached as **Exhibit "B"** to Plaintiff's previously filed Complaint and is incorporated by referenced as if fully set forth at length.

9.  In pertinent part, the mortgage provides that in the event of default in the payment of the principal of the note, or any installment thereof, the holder may declare

the principal of said note and all accrued interest to be due and payable forthwith, after which it shall bear interest at 10% per annum.

10. On or about February 20, 2002, Defendants, JOSE LEOPOLDO TORRES and JOSE SANTOS TORRES each executed his personal guarantee of the Note which provided in pertinent part:

> "the Undersigned guarantees to Lender the payment and performance of each and every debt, liability and obligation of every type and description which Borrower may now or at any time hereafter owe to Lender (whether such debt, liability or obligation now exists or is hereafter created or incurred, and whether it is or may be direct or indirect, due or to become due, absolute or contingent, primary or secondary, liquidated or unliquidated, or joint, several, or joint and several; all such debts, liabilities and obligations being hereinafter collectively referred to as the "Indebtedness").

Copies of the guaranties executed by JOSE LEOPOLDO TORRES and JOSE SANTOS TORRES are attached collectively as **Exhibit "C"** to Plaintiff's previously filed Complaint and are incorporated by reference as if fully set forth at length.

11. On the 5th of April, 2003, CAPI SANTOS, INC. executed a modification of the promissory note, said modification extending the maturity date of the loan to January 5, 2009. A copy of the modification is attached as **Exhibit "E"** to Plaintiff's previously filed Complaint and is incorporated by reference as if fully set forth at length.

12. The Defendants have defaulted in the payment of the Note.

13. Plaintiff is the legal owner and holder of such note and the entity entitled to enforce it. Defendants failed and refused to pay same and the Note, having matured and become due and payable by virtue of such default, has been placed in the hands of the undersigned attorney for collection, Defendants agreeing to pay Plaintiff's attorney's fees as provided in the Note.

14.   Defendants are indebted to Plaintiff in the principal amount of $109,642.00 plus accrued interest in the amount of $10,387.69 through February 3, 2004, and such interest as may accrue thereafter at the rate of ten (10%) percent until paid. Interest continues to accrue at the rate of $30.71455 per day.

15.   Plaintiff has and claims a maritime lien against the Defendant vessel in the amount of the accelerated principal and interest due to date plus default interest as stated in the Note, repairs completed on the vessel and attorney's fees and costs of court.

IV.

16.   The F/V EL CAPI was arrested on October 23, 2003 and is presently undergoing repairs and is under the custody of the Substitute Custodian on the railway at Zimco Marine, Inc. at the Shrimp Turning Basin at the Port of Brownsville. In order to preserve Debtor's equity in the collateral, the value of the vessel and to protect it from deterioration and loss of value if not maintained, Plaintiff requested that the repairs to the vessel be allowed to continue to completion, and this Court so ordered in its Order dated October 21, 2003. Plaintiff further requests that the expenditure to complete the repairs to the vessel be added to the total amount due to Plaintiff as provided in the first preferred mortgage.

V.

## ATTORNEY'S FEES

17.   Plaintiff would further show the court that by reason of the Defendants' defaults and failure to cure their defaults upon demand, Plaintiff has been required to retain the services of the undersigned attorney and is entitled to recoup reasonable attorney's

fees in connection with the collection of said promissory note and foreclosure of its preferred mortgage. Defendants agreed in the Note, and then in the Modification Note given in renewal, but not in extinguishment of the note dated February 20, 2002, in the first preferred mortgage and in the various guaranties to pay attorney's fees as provided in Exhibits A through D.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

A. that the court find process in due form of law according to the rules and practice of this court in causes of maritime and admiralty jurisdiction was issued against the vessel the F/V EL CAPI, her engines, tackle, *etc.*, citing all persons claiming any interest to appear and answer on oath all and singular the matters stated above;

B. that the court find process was issued against the Defendant CAPI SANTOS, INC., Defendant Vessel and Defendant individuals named herein;

C. that Plaintiff's claim under the February 20, 2002 promissory note and its modification and renewal dated April 5, 2003, and cost of repair to the vessel be established as a maritime lien in the amount due against the named Defendant Vessel;

D. that Plaintiff recover prejudgment and postjudgment interest as provided by the terms of the Note, preferred ship's mortgage, and law;

E. that Plaintiff recover reasonable attorney's fees as provided in the note, preferred ship's mortgage and law;

F. that Plaintiff recover costs of court;

G. that said Vessel, her engine, tackle, apparel, *etc.* and all other necessaries thereunto belonging and appertaining, no matter where found, be condemned and sold to pay the demands and claims aforesaid with interest;

H. that Plaintiff recover the full amount of the indebtedness, or any remaining after sale of the vessel, from the *in personam* Defendant, CAPI SANTOS, INC. and guarantor Defendants JOSE LEOPOLDO TORRES and JOSE SANTOS TORRES; and

I. for such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

_____
T. MARK BLAKEMORE
SBN: 02431800
Federal Admn. No. 1915

ATTORNEY FOR PLAINTIFF

T. MARK BLAKEMORE
Attorney, Counselor and Mediator
835 E. Levee St., 6th Floor
Brownsville, TX 78520-5101
(956) 541-5900-phone
(956) 541-5905-facsimile
E-mail: tmblakemore@tmb-atty.com

## **VERIFICATION**

THE STATE OF TEXAS        §
                          §
COUNTY OF CAMERON         §

BEFORE ME, the undersigned authority, on this day personally appeared, CARLOS M. BODDEN, who, being by me first duly sworn, deposed and said:

"My name is CARLOS M. BODDEN. I am a loan officer of FIRST NATIONAL BANK, Plaintiff in the above and foregoing entitled and numbered action. In my capacity, I am familiar with the operations and billing records of FIRST NATIONAL BANK. I have read the foregoing Plaintiff's First Amended and Supplemental Complaint and the contents thereof are true and correct and within my own personal knowledge."

FURTHER AFFIANT SAITH NOT.

_____
CARLOS M. BODDEN

SWORN TO AND SUBSCRIBED BEFORE ME by the said, CARLOS M. BODDEN, Loan Officer of FIRST NATIONAL BANK which witness my hand and seal of office this 9th day of February, 2004.



_____
Notary Public, State of Texas

VIRGINIA P. GIL
Notary Public, State of Texas
My Commission Expires 11-05-2005