

United States District Court
Southern District of Texas
FILED

MAY 2 1 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FIRST NATIONAL BANK,<br>Plaintiff | § § § | |
| v. | § § | CIVIL ACTION NO. B-03-183 |
| CAPI SANTOS, INC., JOSE LEOPOLDO TORRES, JOSE SANTOS TORRES, JOSE SANTOS TORRES, JR., and the F/V EL CAPI, her engines, nets, tackle, apparel, and furniture, etc., in rem,<br>Defendants<br>Defendants | § § § § § § § § | IN ADMIRALTY |

## PLAINTIFF FIRST NATIONAL BANK'S
## MOTION FOR DEFAULT JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Plaintiff, **FIRST NATIONAL BANK**, by its attorney, and files this its Motion for Default Judgment pursuant to Rule E(9) and states as follows:

1.  Defendants are **CAPI SANTOS, INC., JOSE LEOPOLDO TORRES, JOSE SANTOS TORRES,** *in personam,* and the **F/V EL CAPI, her engines and nets, tackle, apparel, and furniture, etc.,** *in rem.*

2.  On October 20, 2003, Plaintiff sued Defendants to collect a debt and to foreclosure a preferred ship mortgage against the **F/V EL CAPI**.

3.  On October 23, 2003, Defendants **JOSE SANTOS TORRES**, individually, and **JOSE LEOPOLDO TORRES**, individually and as registered agent of **CAPI SANTOS, INC.** were served with summons and copies of Plaintiff's Complaint by personal service by a Deputy U.S. Marshal. The *in rem* Defendant Vessel, **F/V EL**

**CAPI**, was seized by a Deputy U.S. Marshal pursuant to a warrant of maritime arrest. Defendants did not file responsive pleadings or otherwise defend the suit.

4.  On February 6, 2004, Plaintiff filed its Request for Entry of Default against Defendants for failure to file responsive pleadings or otherwise defend the suit.

5.  On February 17, 2004, the Court signed its Entry of Default against Defendants because Defendants were found to have been properly served and thereafter failed to file responses to Plaintiff's Complaint.

### B. Argument & Authorities

6.  Plaintiff is, therefore, entitled to default judgment.

7.  Pursuant to Local Rule 5.6, Defendants are being served with a copy of this motion for default judgment by certified mail (return receipt requested).

8.  The damages set forth in Plaintiff's complaints are liquidated and proved by affidavit, attached as **Exhibit "A"**.

9.  Plaintiff is entitled to post judgment interest at the contracted rate in the promissory note, the maximum rate allowed by law, that rate being the lesser of the rate specified in the promissory note, which may be a variable rate, or 18% per year. Texas Finance Code, §304.002. *Hymel v. UNC, Inc.*, 994 F.2d 260 (5th Cir. 1993) and *In re Lift Equipment Service, Inc.*, 816 F.2d 1013 (5th Cir. 1987, *modified on rehearing*, 819 F.2d 546 (5th Cir. 1987). The promissory note specifies the annual interest rate on a matured, unpaid amount is "[t]he maximum legal rate allowed by State and Federal Law." Such maximum interest rate is 18.00%.

### C. Conclusion

10.  Plaintiff requests Default Judgment for the relief requested in its First

Amended and Supplemental Complaint.

### D. Prayer

11.   For these reasons, Plaintiff, **FIRST NATIONAL BANK**, prays for the entry of the following findings and orders:

A.   That the claim of Plaintiff, **FIRST NATIONAL BANK**, under the February 20, 2002 promissory note and its modification and renewal dated April 5, 2003, both secured by a first preferred ship's mortgage, including the cost of insurance premium and repairs to the **F/V EL CAPI** and attorneys fees and expenses for collection of the debt as provided in said mortgage, is established as a maritime lien against the Defendant Vessel, **F/V EL CAPI**.

B.   That Plaintiff is entitled to judgment against **CAPI SANTOS, INC., JOSE LEOPOLDO TORRES**, and **JOSE SANTOS TORRES**, *in personam*, and **F/V EL CAPI**, *in rem*, in the amount of $121,245.48 principal due on the note plus interest in the amount of $4,668.51 through May 20, 2004 accruing at the rate of $60.63 per day, insurance premium in the amount of $2,761.80, repairs to the vessel in the amount of $14,084.20, attorney's fees in the amount of $21,414.00, expenses in the amount of $648.77 and costs of court, all subject to post judgment interest at the rate of 18% per year.

C.   That the **F/V EL CAPI**, her engine, tackle, apparel, *etc.*, and all other necessaries belonging and appertaining thereto, be condemned and sold by the United States Marshal and the proceeds, after payment of the Marshal's fee and expenses, be paid over to Plaintiff toward satisfaction of the judgment, and the amount in excess of the judgment, if any, be paid to Defendant, **CAPI SANTOS, INC.**

Dated:   May 20, 2004.

Respectfully submitted,

By: _____
T. Mark Blakemore
Federal ID No. 1915
State Bar No. 02431800
Attorney for **FIRST NATIONAL BANK**

T. MARK BLAKEMORE
Attorney, Counselor and Mediator
835 E. Levee St., Sixth Floor
Brownsville, TX 78520-5101
(956) 541-5900-phone • (956) 541-5905-facsimile
E-mail: tmblakemore@tmb-atty.com

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to the Federal Rules of Civil Procedure 5(b), on the 21st day of May, 2004, a true and correct copy of the foregoing was served upon defendants in the manner indicated below:

**Via U.S. Certified Mail, RRR#7003 0500 0003 2609 9659**
JOSE LEOPOLDO TORRES, Individually and as registered agent for
CAPI SANTOS, INC.
2214 Ringgold St.
Brownsville, Texas 78520

**Via U.S. Certified Mail, RRR#7003 0500 0003 2609 9666**
JOSE SANTOS TORRES
2214 Ringgold St.
Brownsville, Texas 78520

T. Mark Blakemore

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **FIRST NATIONAL BANK,** § | | |
|     **Plaintiff** § | | |
| § | | |
| **v.** § | CIVIL ACTION NO. B-03-183 | |
| § | | |
| **CAPI SANTOS, INC., JOSE LEOPOLDO** § | | |
| **TORRES, JOSE SANTOS TORRES,** § | | |
| **JOSE SANTOS TORRES, JR., and the** § | | |
| **F/V EL CAPI, her engines, nets, tackle,** § | | |
| **apparel, and furniture, etc., in rem,** § | **IN ADMIRALTY** | |
|     **Defendants** § | | |
| **Defendants** § | | |

### AFFIDAVIT OF PLAINTIFF FIRST NATIONAL BANK
### IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

    1.    I am a loan officer of **FIRST NATIONAL BANK**, Plaintiff in this matter.

    2.    Defendants are indebted under a promissory note to Plaintiff in the principal amount of $121,245.48.

    3.    Defendants owe accrued interest in the amount of $4,668.51 through May 20, 2004 and such interest as may accrue at the rate provided by the Note, the maximum rate allowed by State and Federal law, 18.00%, or $60.63 per day until paid.

    4.    Cost of repairs to the Defendant Vessel, **EL CAPI**, expended by Plaintiff are $4,084.20, the difference between the repair invoice and the insurance paid plus the deductible amount, evidenced by Attachment A, a true and correct copy of the repair yard's invoice for repairs, and Attachment B, a true and correct copy of the approved

Affidavit of Plaintiff First National Bank in Support of Motion for Default Judgment    Page 1 of 2
w:\02303\Affidavit in Support Motion for Default Judgment 20040420  TMB/vpg
**EXHIBIT A**
**Page 1 of 2**

insurance claim, and $10,000.00 paid to the repair yard as the deductible obligation of **CAPI SANTOS, INC.**, as insured under the insurance claim, for a total of $14,084.20. Both amounts are owed by Defendants under the terms of the note and preferred ship's mortgage.

    5.    Cost of insurance for the Defendant Vessel, **EL CAPI**, expended by Plaintiff is $2,761.80. This amount is owed by Defendants under the terms of the note and preferred ship's mortgage.

    6.    As previously agreed by contract, Plaintiff is entitled to recover from Defendants its attorneys' fees in connection with the collection of said promissory note and foreclosure of its preferred mortgage in the amount of $21,414.00, 15% of the total amount due Plaintiff by Defendants of $142,759.99, plus expenses in the amount of $648.77.

    FURTHER AFFIANT SAITH NOT.

    Dated:    May 20, 2004

FIRST NATIONAL BANK

By: _____
CARLOS M. BODDEN, Loan Officer

    SWORN TO AND SUBSCRIBED BEFORE ME by the said, Carlos M. Bodden, loan officer for **FIRST NATIONAL BANK** which witness my hand and seal of office this 20TH day of May, 2004.


VIRGINIA P. GIL
Notary Public, State of Texas
My Commission Expires 11-05-2005

Notary Public, State of Texas

---

Affidavit of Plaintiff First National Bank in Support of Motion for Default Judgment    Page 2 of 2
w:\02303\Affidavit in Support Motion for Default Judgment 20040420 TMB/vpg

**EXHIBIT A**
**Page 2 of 2**



SHIP YARD 500 ton

MARINE SUPPLIES, SALES and SERVICE

**Original Insurance Covered Items**          April 1, 2004

| Invoiced | Quoted | |
|---|---|---|
| $700.00 | $700.00 | 1) Ways Fee and the labor to haul out and launch the vessel. |
| $2,950.00 | $2,950.00 | 2) Replace stern cutless bearing: Pull wheel and drop rudder in order to remove the tail shaft. Replace cutless bearing. Reinstall shaft, wheel and rudder. Correct alignment as needed when installing the tail shaft. Clean off wheel and take to machine shop. Modify lathe as needed to accommodate the wheel and check the alignment of all four blades. Clean off inner surface of the nozzle and look for any visual damage. Note: The inspections of the nozzle and the wheel concluded with no damage found. |
| $5,100.00 | $5,100.00 | 3) Supply a new Aqua Net 17–4" x 20' Tail Shaft. Straighten shaft. Machine all tapers, threads, and key ways. Fabricate keys for both the wheel and the coupling. Check the tail shaft coupling on new shaft. The coupling bore was worn and did not fit well on the shaft. Built up the taper bore and turned it down on the lathe. Rebroach the keyway. |
| $300.00 | $300.00 | 4) Move the refrigeration equipment and top PTO that was in the way of removing the marine gear out of the vessel. Reinstalled after the gear was set back in place. *Note: The top PTO is bad, but was not caused by the mishap. It should be rebuilt to prevent damage to the reduction.* |
| $13,641.91 | $15,000.00 | 5) Main Engine 3408 Caterpillar Overhaul. |
| $6,138.96 | $6,300.00 | 6) Twin Disc MG514 Reduction Gear Overhaul. |
| $1,500.00 | $1,500.00 | 7) Engine and Shaft Alignment: Line up the jumper shaft to the tail shaft. Align the engine and reduction gear to the jumper shaft. Test run the boat to make sure everything was running normal. |
| $3,200.00 | $3,200.00 | 8) Supply 1 New Head Assembly |
| **$33,530.87** | **$35,050.00** | Subtotal–Items which are covered by the Insurance in the original quote. |

**Unforeseen Insurance Related Items**

| | | |
|---|---|---|
| $2,813.12 | N/A | 1) While assemblying the engine, we found the Vibration Damper was bad. This would be the result of continuous use of the engine with the tire stuck in the wheel and shaft. The manifolds were cracked and had to be replaced. |

|  | | |
|---|---|---|
| Main Engine Vibration Damper—— | $592.22 | |
| Labor to change out damper—— | $296.40 | |
| | $888.62 | |
| 1–7N3175  Rear Manifold—— | $1,084.50 | (New—$2,808.60) |
| 1–4N5444  W/H Manifold—— | $840.00 | (New—$2,631.00) |
| | $1,924.50 | $5,439.60 |

| | | |
|---|---|---|
| $1,069.10 | N/A | 2) The was an additional charge on the engine alignment that was due to the mishap with the wheel and shaft. We had to cut a brace loose on the engine bed because of being in a bind and we couldn't line the engine and reduction gear to the jumper shaft. This shifting took place when something was in the wheel. After we cut the brace loose there was a 3/4" |

**ATTACHMENT A**
**Page 1 of 2**

gap that had opened up and we were able to line everything up. After the alignment was finished we repaired the brace. Cecil Moses explained this to Mr. Marc Mcalllister, the marine surveyor and he understood.

| | | |
|---|---|---|
| $37,413.09 | | **Total of all items covered by the insurance claim** |

**Additional Items Not Covered by the Insurance**

| | | |
|---|---|---|
| $435.57 | N/A | 1) The cutless bearing in the stuffing box was bad it was replaced prior to installing the new tail shaft. |
| $266.75 | N/A | 2) Supplied a new tail shaft coupling nut. The old one was frozen and had to be cut with a torch in order to be removed. |
| $196.75 | $265.88 | 3) Main Engine Oil Pump Repair |
| $712.50 | $1,129.99 | 4) Turbo Cartridge Exchange |
| $150.00 | $259.20 | 5) Replace Thermostats |
| $355.00 | $459.00 | 6) Clean and test two Oil Coolers |
| $332.85 | $433.50 | 7) Water Pump Exchange |
| $936.80 | N/A | 8) Rebuilt the PTO assembly because of normal wear. |
| $2,266.23 | N/A | 9) The following were items destroyed by electrolysis on the water system. The oil cooler for the reduction gear was rebuildable and we had it rebuilt. The after cooler and main engine oil coolers were not rebuildable, so we replaced them with new ones.<br>   Main Engine After Cooler————— $1,177.36<br>   Main Engine Oil Cooler—————— $480.39<br>   Reduction Gear Oil Cooler————— $608.48<br>                                     $2,266.23 |
| $188.28 | N/A | 10) Engine Alarm System: The old alarm system wasn't working and we had to have it replaced. |
| $584.50 | $1,916.43 | 11) Supplied a rebuilt manifold for the forward and reverse clutches on the reduciton gear that was grooved bad where the oil rings ride. We rebuilt it instead of putting on a new manifold.<br>   1--XA7333A Manifold---- $584.50        (New--$1,916.43) |
| $1,064.10 | N/A | 12) The water lines on the main engine were corroded and destroyed by electroylsis. They were found during the clean up process before reassembling the engine. These pipes were showed to Mr. Marc McAllister and he agreed that the electroylsis was the cause. |
| $7,489.33 | $4,464.00 | **Total of all additional items not covered by the insurance claim.** |
| **$44,902.42** | | **Total of both Insurance and Non-Insurance related items.** |

Note: The invoice prices relating to the engine are less than the quoted amount. The prices quoted were on Genuine Caterpillar parts. We used after market parts from F.P. Diesel. This is where we get our parts for all the engines in our company's fleet. We have 3408 and 3412 Caterpillar engines. We have been using F.P. Diesel parts in our engine for close to 2 years and have had good service from the engines. No part failures have resulted so far. We had to repair the Morse Control head that was slipping when we were running the engine and loosing RPMs. The reduction gear morse cable clamp was broken and we fixed it. After the engine and reduction gear overhauls were complete, we test ran the boat and everything worked fine.

**ATTACHMENT A**
**Page 2 of 2**

**CENTENNIAL INSURANCE COMPANY**
818 HOWARD AVE., SUITE 201
NEW ORLEANS, LA 70113

ALLIANCE BANK OF BATON ROUGE
BATON ROUGE, LA
84-534/654

6362

May 19, 2004

PAY TO THE ORDER OF   ZIMCO MARINE, INC.   $ 30,818.22**

***30,818*DOLLARS AND*22*CENTS***   DOLLARS

ZIMCO MARINE, INC.
400 Washington St.
Port Isabel, TX 78578

G & M MARINE, INC.

*Roberta H Infant*

MEMO  H395 Repair of the "EL CAPI"

*Denny R. Roll*

⑈006362⑈ ⑆065405349⑆ 0101044⑈

---

**CENTENNIAL INSURANCE COMPANY**                                              6362

*Claim Information:*
| | |
|---|---|
| G & M Claim # | H395 |
| Assured | Capi Santos, Inc |
| Vessel | M/V "EL CAPI" |
| Date Of Loss | August 15, 2003 |
| Loss Description | Engine damage |
| Lead Reference | N/A |
| Memo | H395 Repair of the "EL CAPI" |

**ATTACHMENT B**
**PAGE 1 OF 1**